# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRINCE PAUL RAYMOND WILLIAMS,<br><br>   Plaintiff,<br><br>   v.<br><br>CHERYL L. BROWNS, et al.,<br><br>   Defendants. | Case No. 1:21-cv-00622-DAD-BAM<br><br>ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>(Doc. 2)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE SECOND AMENDED COMPLAINT<br><br>(Doc. 3)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Prince Paul Raymond Williams ("Plaintiff"), proceeding pro se, filed this action on April 14, 2021. (Doc. 1.) Plaintiff filed a first amended complaint on April 16, 2021. (Doc. 3.)

**I.   Application to Proceed *In Forma Pauperis***

Concurrent with his original complaint, Plaintiff filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (Doc. 2.) Having considered Plaintiff's application, the Court finds Plaintiff has made the showing required by section 1915(a). Accordingly, Plaintiff's application to proceed in forma pauperis is GRANTED. 28 U.S.C. § 1915(a).

1

## II. Screening Requirement and Standard

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's first amended complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II. Plaintiff's First Amended Complaint

Plaintiff brings the instant action against the following defendants: (1) Cheryl L. Browns, court-appointed counsel for Plaintiff's minor child; and (2) Raenna Johnson, the minor's other custodial parent.

Plaintiff alleges as follows: On November 16, 2020, Judge Amy K. Guerra appointed Defendant Browns as counsel for Plaintiff's minor child. On March 30, 2021, Plaintiff and the minor child met with Defendant Browns to discuss custody and visitation matters and child exchanges between parents. Defendant Browns spoke with the child and made recommendations for Spring and Summer Breaks to which Plaintiff agreed. Defendant Browns informed Plaintiff

that she would recommend Plaintiff's custody of the child to the court.

On April 4, 2021, Plaintiff traveled with the child from Fresno to Las Vegas, Nevada to return the child Defendant Johnson. At 8:31 a.m., Plaintiff notified Defendant Johnson via email of their estimated arrival time. Defendant Johnson did not respond. Plaintiff intended to return the child to Defendant Johnson at a mutually agreed upon location or at Defendant Johnson's address on file with the court. At approximately 10:00 a.m., Plaintiff and the child arrived in Las Vegas. Plaintiff proceeded to Defendant Johnson's address until the minor child informed Plaintiff to proceed to another address that the child said was his and Defendant Johnson's actual residence address. Plaintiff and the minor child arrived at the front door of the location at approximately 10:05 a.m., carrying the child's personal items. When Defendant Johnson came to the door, Defendant Johnson displayed anger and frustration toward the child, grabbed the child by the arm and told the child come inside. Plaintiff attempted to provide the child with his remaining belongings and say his goodbyes before departing. Defendant Johnson again grabbed the child by the arm, telling the child to come inside and calling for her live-in boyfriend to get up. As Plaintiff was walking away, Defendant Johnson said to Plaintiff, "You're lucky my brother isn't here because he'd . . . ." (Doc. 3 at ¶ 20.) Defendant Johnson proceeded to record Plaintiff while he walked to his car before driving away. At 10:21 a.m., Defendant Johnson responded to Plaintiff's email by stating, "Location?" (*Id.* at ¶ 22.) At 1028 a.m., Plaintiff proceeded to call Defendant Browns, leaving multiple voice messages with complaints of the exchange.

On April 5, 2021, at 7:31 a.m., Plaintiff provided notice via email to Defendant Johnson of his intent to file for emergency custody of the child. At 8:11 a.m., Plaintiff called Defendant Browns to provide notice of the events occurring during the exchange of the child. Plaintiff informed Defendant Browns of his desire to no longer comply with the previously-agreed upon terms regarding the exchange of the child. Defendant Browns replied that they had an agreement. Plaintiff questioned Defendant Browns regarding her awareness of the child's address. Defendant Browns did not know the child's address. Plaintiff informed Defendant Browns of his intent to file an ex parte motion with the court. Defendant Browns intentionally and abruptly ended the

3

conversation as Plaintiff was expressing his concern regarding the well being of the child and his complaint regarding the exchange.  At 8:43 a.m., Defendant Johnson replied via email to Plaintiff, stating "How about helping pay for an extra activity for our Son, Dental care( since he never went to the dentist the 2years he was with you) Or paying for extra therapy session to help him get through this.  Or a tutor!!  Or maybe can put your time in efforts to planning a summer trip so he can see the world!!  There are plenty of things you could do to benefit and help develop our Son, but that's no what interest you and it's clear to everyone[.]" (*Id.* at ¶ 26.

As of April 12, 2021, Plaintiff had not been provided a remedy by Defendant Browns regarding the well-being of the minor child and complaints regarding the exchange.  Plaintiff also had not had contact with the minor child or Defendant Johnson.  Plaintiff contends that Defendants Johnson's action are negligent and detrimental to the well-being, safety and best interests of the minor child.  Plaintiff alleges that Defendant Johnson has a history of relocating the minor child outside of the knowledge of the court and Plaintiff.

Plaintiff also alleges that Defendant Johnson has made financial demands via email against Plaintiff with claims of a counselor in place for the minor child by stating, "Another payment coming to you that I would like to use for Khirens Therapy.  Can you pay the therapist directly with the payment you will be getting this Friday?" (Doc. 3 at 5.)  Pursuant to a letter sent by Defendant Browns vial mail to Plaintiff dated November 17, 2020, "If counseling has been ordered for Khiren, please provide the therapist's contact information.  I will send a copy of the Court's Order to the therapist(s) of your child and will be discussing your child's mental and emotional health." (*Id.*)  Defendant Johnson reportedly has not provided proof of said counselor or therapist to the court, Defendant Browns or Plaintiff.

Plaintiff asserts that he fears for the well-being, safety, and best interests of the minor child.  He did not consent to relocating the child outside of the child's home state.  Plaintiff also fears that there is an immediate risk that the minor child will be removed from California by Defendant Johnson.

Plaintiff forwards claims against Defendants Browns and Johnson for negligence and intentional infliction of emotional distress and against Defendant Browns only for breach of

contract and violation of her oath of office. As relief, Plaintiff seeks sole legal and physical custody of the minor child, along with damages.

**III. Discussion**

**A. Jurisdiction**

Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by the Unites States Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)). Without jurisdiction, the district court must dismiss the case. *See Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Generally, there are two bases for subject matter jurisdiction: 1) diversity jurisdiction; and 2) federal question jurisdiction. 28 U.S.C. §§ 1331, 1332.

**1. Diversity Jurisdiction**

Pursuant to 28 U.S.C. § 1332, federal district courts have diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000," and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a)(1). Here, Plaintiff does not allege that the parties are citizens of different states. It appears, instead, that Plaintiff and Defendant Browns are citizens of the same state. Plaintiff also does not allege that the amount in controversy exceeds $75,0000. Thus, as currently pled, Plaintiff's complaint does not establish diversity jurisdiction.

**2. Federal Question Jurisdiction**

Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). The presence or absence of

5

federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* Although Plaintiff identifies various federal statutes and Constitutional provisions, the claims against Defendants Browns and Johnson are based in state law. Plaintiff does not allege any violation arising under the Constitution, laws or treaties of the United States. Thus, as pled, Plaintiff's complaint does not establish federal question jurisdiction.

### B. State Law Claims

Plaintiff appears to assert only state law claims against Defendants Browns and Johnson. Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c). The Supreme Court has stated that "if the federal claims are dismissed before trial, ... the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367. As Plaintiff has not stated a cognizable claim for relief under federal law or otherwise established this Court's subject matter jurisdiction, the Court declines to exercise supplemental jurisdiction over any purported state law claims and they will not be screened.

### C. Child Custody

As noted above, the crux of Plaintiff's complaint appears to involve child custody and visitation issues. The Court is without jurisdiction over Plaintiff's claims concerning child custody issues because they are exclusively matters of state law. *See Ankenbrandt v. Richards*, 504 U.S. 689, 702-704 (1992) (holding that the domestic relations exception to federal subject matter jurisdiction "divests the federal courts of power to issue divorce, alimony and child custody decrees."); *see also Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir.1983) (stating that "federal courts have uniformly held that they should not adjudicate cases involving domestic

relations, including 'the custody of minors and *a fortiori*, right of visitation.' For that matter, the whole subject of domestic relations and particularly child custody problems is generally considered a state law matter"). "Even when a federal question is presented, federal courts decline to hear disputes which would deeply involve them in adjudicating domestic matters." *Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir.1986).

### IV. Conclusion and Order

Plaintiff's first amended complaint fails to state a cognizable federal claim or establish this Court's jurisdiction. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure these deficiencies to the extent he is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a second amended complaint curing the deficiencies identified by the Court in this order or file a notice of voluntary dismissal; and
3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order

and for lack of subject matter jurisdiction.

IT IS SO ORDERED.

Dated: **June 7, 2021**          /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE