UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRINCE PAUL RAYMOND WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>CHERYL L. BROWNS, et al.,<br><br>Defendants. | Case No. 1:21-cv-00622-DAD-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO OBEY A COURT ORDER AND FOR LACK OF SUBJECT MATTER JURISDICTION<br><br>(Doc. 4)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.     Background**

Plaintiff Prince Paul Raymond Williams ("Plaintiff"), proceeding pro se and in forma pauperis, initiated this action on April 14, 2021. (Doc. 1.) Plaintiff filed a first amended complaint on April 16, 2021. (Doc. 3.)

On June 7, 2021, the Court screened Plaintiff's first amended complaint and granted him leave to amend within thirty (30) days of service of the Court's order. (Doc. 4.) Plaintiff was expressly warned that if he failed to file an amended complaint in compliance with the Court's order, the Court would recommend dismissal of this action, with prejudice, for failure to obey a court order and for lack of subject matter jurisdiction. (*Id.*)

The deadline for Plaintiff to file his amended complaint has passed and Plaintiff has not complied with the Court's order.

**II.     Subject Matter Jurisdiction**

    **A. Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding in pro se and in forma

1

pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's first amended complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### B. Plaintiff's First Amended Complaint

Plaintiff brings the instant action against the following defendants: (1) Cheryl L. Browns, court-appointed counsel for Plaintiff's minor child; and (2) Raenna Johnson, the minor's other custodial parent. Plaintiff alleges as follows: On November 16, 2020, Judge Amy K. Guerra appointed Defendant Browns as counsel for Plaintiff's minor child. On March 30, 2021, Plaintiff and the minor child met with Defendant Browns to discuss custody and visitation matters and child exchanges between parents. Defendant Browns spoke with the child and made recommendations for Spring and Summer Breaks to which Plaintiff agreed. Defendant Browns informed Plaintiff that she would recommend Plaintiff's custody of the child to the court.

On April 4, 2021, Plaintiff traveled with the child from Fresno to Las Vegas, Nevada to return the child Defendant Johnson. At 8:31 a.m., Plaintiff notified Defendant Johnson via email

1  of their estimated arrival time.  Defendant Johnson did not respond.  Plaintiff intended to return
2  the child to Defendant Johnson at a mutually agreed upon location or at Defendant Johnson's
3  address on file with the court.  At approximately 10:00 a.m., Plaintiff and the child arrived in Las
4  Vegas.  Plaintiff proceeded to Defendant Johnson's address until the minor child informed
5  Plaintiff to proceed to another address that the child said was his and Defendant Johnson's actual
6  residence address.  Plaintiff and the minor child arrived at the front door of the location at
7  approximately 10:05 a.m., carrying the child's personal items.  When Defendant Johnson came to
8  the door, Defendant Johnson displayed anger and frustration toward the child, grabbed the child
9  by the arm and told the child come inside.  Plaintiff attempted to provide the child with his
10 remaining belongings and say his goodbyes before departing.  Defendant Johnson again grabbed
11 the child by the arm, telling the child to come inside and calling for her live-in boyfriend to get
12 up.  As Plaintiff was walking away, Defendant Johnson said to Plaintiff, "You're lucky my
13 brother isn't here because he'd . . . ."  (Doc. 3 at ¶ 20.)  Defendant Johnson proceeded to record
14 Plaintiff while he walked to his car before driving away.  At 10:21 a.m., Defendant Johnson
15 responded to Plaintiff's email by stating, "Location?"  (*Id.* at ¶ 22.)  At 10:28 a.m., Plaintiff
16 proceeded to call Defendant Browns, leaving multiple voice messages with complaints of the
17 exchange.
18      On April 5, 2021, at 7:31 a.m., Plaintiff provided notice via email to Defendant Johnson
19 of his intent to file for emergency custody of the child.  At 8:11 a.m., Plaintiff called Defendant
20 Browns to provide notice of the events occurring during the exchange of the child.  Plaintiff
21 informed Defendant Browns of his desire to no longer comply with the previously agreed upon
22 terms regarding the exchange of the child.  Defendant Browns replied that they had an agreement.
23 Plaintiff questioned Defendant Browns regarding her awareness of the child's address.  Defendant
24 Browns did not know the child's address.  Plaintiff informed Defendant Browns of his intent to
25 file an ex parte motion with the court.  Defendant Browns intentionally and abruptly ended the
26 conversation as Plaintiff was expressing his concern regarding the wellbeing of the child and his
27 complaint regarding the exchange.  At 8:43 a.m., Defendant Johnson replied via email to Plaintiff,
28 stating "How about helping pay for an extra activity for our Son, Dental care( since he never went

1 to the dentist the 2years he was with you) Or paying for extra therapy session to help him get
2 through this.  Or a tutor!!  Or maybe can put your time in efforts to planning a summer trip so he
3 can see the world!!  There are plenty of things you could do to benefit and help develop our Son,
4 but that's no [sic] what interest you and it's clear to everyone[.]" (*Id.* at ¶ 26.)

5 As of April 12, 2021, Plaintiff had not been provided a remedy by Defendant Browns
6 regarding the well-being of the minor child and complaints regarding the exchange.  Plaintiff also
7 had not had contact with the minor child or Defendant Johnson.  Plaintiff contends that
8 Defendants Johnson's action are negligent and detrimental to the well-being, safety and best
9 interests of the minor child.  Plaintiff alleges that Defendant Johnson has a history of relocating
10 the minor child outside of the knowledge of the court and Plaintiff.

11 Plaintiff also alleges that Defendant Johnson has made financial demands via email
12 against Plaintiff with claims of a counselor in place for the minor child by stating, "Another
13 payment coming to you that I would like to use for Khirens Therapy.  Can you pay the therapist
14 directly with the payment you will be getting this Friday?"  (Doc. 3 at 5.)  Pursuant to a letter sent
15 by Defendant Browns vial mail to Plaintiff dated November 17, 2020, "If counseling has been
16 ordered for Khiren, please provide the therapist's contact information.  I will send a copy of the
17 Court's Order to the therapist(s) of your child and will be discussing your child's mental and
18 emotional health."  (*Id.*)  Defendant Johnson reportedly has not provided proof of said counselor
19 or therapist to the court, Defendant Browns or Plaintiff.

20 Plaintiff asserts that he fears for the well-being, safety, and best interests of the minor
21 child.  He did not consent to relocating the child outside of the child's home state.  Plaintiff also
22 fears that there is an immediate risk that the minor child will be removed from California by
23 Defendant Johnson.

24 Plaintiff forwards claims against Defendants Browns and Johnson for negligence and
25 intentional infliction of emotional distress and against Defendant Browns only for breach of
26 contract and violation of her oath of office.  As relief, Plaintiff seeks sole legal and physical
27 custody of the minor child, along with damages.
28 ///

**C. Analysis**

1. Jurisdiction

Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by the Unites States Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)). Without jurisdiction, the district court must dismiss the case. *See Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Generally, there are two bases for subject matter jurisdiction: 1) diversity jurisdiction; and 2) federal question jurisdiction. 28 U.S.C. §§ 1331, 1332.

    a. Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, federal district courts have diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000," and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a)(1). Here, Plaintiff does not allege that the parties are citizens of different states. It appears, instead, that Plaintiff and Defendant Browns are citizens of the same state. Plaintiff also does not allege that the amount in controversy exceeds $75,000. Thus, Plaintiff's complaint does not establish diversity jurisdiction.

    b. Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded

complaint." *Id.* Although Plaintiff identifies various federal statutes and Constitutional provisions, the claims against Defendants Browns and Johnson are based in state law. Plaintiff does not allege any violation arising under the Constitution, laws or treaties of the United States. Thus, as pled, Plaintiff's complaint does not establish federal question jurisdiction.

2.  State Law Claims

Plaintiff appears to assert only state law claims against Defendants Browns and Johnson. Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c). The Supreme Court has stated that "if the federal claims are dismissed before trial, ... the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367. As Plaintiff has not stated a cognizable claim for relief under federal law or otherwise established this Court's subject matter jurisdiction, supplemental jurisdiction over any purported state law claims is not appropriate.

2.  Child Custody

As noted above, the crux of Plaintiff's complaint appears to involve child custody and visitation issues. The Court is without jurisdiction over Plaintiff's claims concerning child custody issues because they are exclusively matters of state law. *See Ankenbrandt v. Richards*, 504 U.S. 689, 702-704 (1992) (holding that the domestic relations exception to federal subject matter jurisdiction "divests the federal courts of power to issue divorce, alimony and child custody decrees."); *see also Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir.1983) (stating that "federal courts have uniformly held that they should not adjudicate cases involving domestic relations, including 'the custody of minors and a fortiori, right of visitation.' For that matter, the whole subject of domestic relations and particularly child custody problems is generally considered a state law matter"). "Even when a federal question is presented, federal courts decline

6

to hear disputes which would deeply involve them in adjudicating domestic matters." *Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir.1986).

### III. Failure to Obey Court Order

#### A. Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.,* 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet,* 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.,* 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

#### B. Discussion

Here, Plaintiff's amended complaint is overdue. The action cannot proceed without Plaintiff's cooperation and compliance with the Court's order. Moreover, the Court cannot hold this case in abeyance awaiting compliance by Plaintiff. The Court additionally cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to the defendant, also weighs in favor of dismissal, as a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.

*Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs against dismissal because public policy favors disposition on the merits.  *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the Court's order will result in dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's June 7, 2021 order expressly warned Plaintiff that his failure to comply would result in a recommendation for dismissal of this action.  (Doc. 4.)  Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Plaintiff's in forma pauperis status in this action indicates that monetary sanctions are of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

### IV.    Conclusion and Recommendation

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice as to Plaintiff's federal claims and without prejudice as to Plaintiff's state law claims, based on Plaintiff's failure to obey the Court's order and for lack of subject matter jurisdiction.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the

///

magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (*citing Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 21, 2021**          /s/ Barbara A. McAuliffe          _
                                UNITED STATES MAGISTRATE JUDGE